**UNITED STATES of America,** **Appellee,**

v.

**Wayne DAVENPORT, Defendant–Appellant.**

**No. 07–0164–cr.**

United States Court of Appeals, Second Circuit.

Dec. 17, 2008.

Terence S. Ward, Assistant Federal Defender, for Thomas G. Dennis, Federal Defender for the District of Connecticut, Hartford, CT, for Defendant–Appellant.

Felice M. Duffy, for Kevin J. O'Connor, United States Attorney, District of Connecticut (William J. Nardini, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, Circuit Judges, Hon. JOHN G. KOELTL, District Judge.*

### SUMMARY ORDER

Wayne Davenport appeals from a judgement of conviction entered in the United States District Court for the District of Connecticut (Kravitz, *J.*). Davenport was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 51 months' imprisonment. Davenport appeals several trial court rulings, including the denial of his motion to suppress evidence. He also challenges the reasonableness of his sentence. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

■ A firearm and ammunition were seized after Davenport's flight from the arresting officer and a bullet was seized from Davenport's pocket at the time of his arrest. Contrary to Davenport's contention, we conclude these items were not the fruit of unlawful searches. Reasonable suspicion supported the investigative stop in light of (1) Davenport's resemblance to the description of the armed suspect police

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

44

were looking for; (2) Davenport's location in the vicinity of the recently committed crime; (3) the arresting officer's awareness that if Davenport were the suspect, he might possess a knife and therefore pose a substantial danger to the officers at the scene and to others; and (4) Davenport's flight after the officer approached him. *See Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *see also Illinois v. Wardlow,* 528 U.S. 119, 124–25, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000); *United States v. Sokolow,* 490 U.S. 1, 7–8, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (in evaluating whether reasonable suspicion supports a seizure courts are to look to the totality of the circumstances); *United States v. Vargas,* 369 F.3d 98, 101 (2d Cir.2004). In conducting the stop, the arresting officer used the least intrusive means by which he could "verify or dispel" his reasonable suspicions regarding Davenport's possible involvement in unlawful activity, *Florida v. Royer,* 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), and the officer's conduct was reasonable in light of his awareness that Davenport may have been armed and due to the officer's "obligation to ensure the safety of innocent bystanders." *United States v. Alexander,* 907 F.2d 269, 272 (2d Cir.1990). In any event, Davenport was no longer seized when he ran into the neighboring yard and dropped the gun. *See California v. Hodari D.,* 499 U.S. 621, 625, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (noting that for Fourth Amendment purposes arrests and seizures are not continuous). At that point the gun was abandoned and subject to police recovery regardless of the lawfulness of the prior seizure. The bullet was also admissible, because it was recovered from Davenport's pocket during a search incident to his lawful arrest. *See United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) (a search incident to arrest is a reasonable search under the Fourth Amendment).

■ Although we affirm Davenport's conviction, we remand for resentencing in light of the district court's application of an upward-adjustment pursuant to U.S.S.G. § 2K2.1. The district court based the upward-adjustment on Davenport's prior conviction under Conn. Gen.Stat. § 21a–277(a). Subsequent to the sentencing in this case, however, we decided *United States v. Savage,* 542 F.3d 959 (2d Cir. 2008), and held that a conviction under § 21a–277(b), which is substantively identical to § 21a–277(a) for the purposes of this issue, does not categorically qualify as a "controlled substance offense" under §§ 2K2.1 and 4B1.2(b). *Id.* at 964–67. Furthermore, Davenport's utterance of the word "guilty" during the initial portion of the state plea proceeding in response to the prosecutor's mischaracterization of the charge as "possession with intent to sell" does not indicate that Davenport admitted to predicate conduct. To the contrary, the transcript of the state court plea colloquy, during which Davenport entered an *Alford* plea, shows that Davenport denied that the facts presented by the prosecutor were correct. Thus, as the government concedes, it has not established that Davenport's plea necessarily admitted elements of a controlled substance offense. *See id.* at 966 (holding that the government cannot rely on factual admissions during an *Alford* plea colloquy to establish the predicate nature of a prior conviction).

We have considered Davenport's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of conviction is AFFIRMED and the sentence is VACATED and REMANDED for a new sentence consistent with this Order.